UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROB NEW, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1016 DRL-MGG |
| JPMORGAN CHASE BANK, NA, | |
| Defendant. | |

OPINION AND ORDER

JPMorgan Chase Bank, N.A. moves for sanctions against Rob New and his counsel, both pursuant to the court's inherent authority and 28 U.S.C. § 1927. The court approaches sanctions reservedly, but this case presents proper cause for them. Mr. New filed a duplicate proceeding here after filing the same suit in New York, so the court grants the motion.

The court has "the inherent power to impose a wide range of sanctions upon parties for abusive litigation," though the power is "limited to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991)) (quotations omitted). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. . . . [A]n assessment of attorney's fees is undoubtedly within a court's inherent power." *Chambers*, 501 U.S. at 44-45.

"A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 889 (7th Cir. 2012) (quotations omitted). "[T]he [federal] rules nowhere contemplate the filing of duplicative lawsuits to avoid the statutes of limitations." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). Duplicative actions will be dismissed even if they are filed "out of an excess of caution" or for "tactical

purposes." *See James v. AT&T Corp.*, 334 F. Supp.2d 410, 412 (S.D.N.Y. 2004) ("Filing a second identical action . . . is [not] an appropriate way to gain a more advantageous statute of limitations.").

Filing duplicative suits as leverage for negotiations is worse. "To assert the same claim a second time before the first action has been finally decided is frivolous and abusive." *Bailey v. United States*, 1996 U.S. Dist. LEXIS 12476, 10 (N.D. Ill. Aug. 27, 1996). "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges [are] devoting scarce judicial resources to the adjudication of the same charges by [] the same plaintiff[] against the same defendant[.]" *Serlin*, 3 F.3d at 224.

Aside from sanctioning a party, the court may require any attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The purpose of . . . section 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) "Sanctions against counsel under 28 U.S.C. § 1927 are appropriate when counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Grochocinski*, 719 F.3d at 799 (quotations omitted).

"'Objective bad faith' will support a sanction under § 1927." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081-82 (7th Cir. 2018). "A lawyer demonstrates objective bad faith when [he] pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Id.* at 1082 (quotations and citation omitted). "A court has broad discretion using this power." *Id.* "If a legal theory advanced by an attorney is objectively colorable, then the party seeking sanctions pursuant to 28 U.S.C. § 1927 against that attorney must demonstrate subjective bad faith or malice on the part

that attorney to obtain sanctions." *GTE North v. Commc'n Workers, Loc. 4773*, 927 F. Supp. 296, 302 (N.D. Ind. 1996) (citing *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

On December 5, 2019, Worldwide Film Productions, LLC, owned, controlled, and managed by Mr. New, sued Chase and two Chase employees in the Central District of California for several claims, including conversion, misrepresentation, breach of contract, and negligence [10-2]. On March 13, 2020, the California court sent the dispute to arbitration in Florida [10-4]. The arbitration ended on October 2, 2023 when the arbitrator found that Worldwide lacked standing because the money at issue belonged to Mr. New, not Worldwide [10-5].

On October 24, 2023, Mr. New sued Chase in the Southern District of New York on claims related to the California action [22-1]. Minutes later, Mr. New filed a nearly identical suit against Chase in Kosciusko Superior Court before Chase removed the action here [3]. Mr. New used the same counsel throughout. Mr. New said he filed this action to preserve his individual claims against a statute of limitations defense." While the case pended here, Chase filed a motion to dismiss and a response to Mr. New's motion to stay [9, 19].

On October 26, 2023, counsel for both sides spoke by phone about the California, New York, and Indiana litigation [23-1 ¶ 11]. Mr. New asked if Chase would oppose a motion to substitute Mr. New in the California litigation [*id.*]. Chase said it would oppose [*id.*]. Mr. New also asked if Chase would agree to litigate in Indiana or California, or if Chase would agree to stay the Indiana and New York litigation pending a decision on a motion to substitute in the California litigation, but Chase declined [*id.*].

On December 8, 2023, Worldwide (through Mr. New's counsel) filed a motion to substitute Mr. New as the plaintiff in the California action [10-6]. On January 16, 2024, Chase notified Mr. New (and his counsel) that Chase would seek sanctions under 28 U.S.C. § 1927 unless Mr. New dismissed both the New York and Indiana actions [23-2]. The California court denied the motion to substitute

on February 12, 2024 [19-1]. Mr. New then used the duplicative actions in an attempt to get Chase to agree to an amended complaint in the New York action, notifying the bank that Mr. New would file a motion to transfer the Indiana case to the New York forum without Chase's agreement to allow Mr. New to amend the New York complaint [22-3]. On February 16, 2024, Mr. New voluntarily dismissed his case here [20].

Chase now seeks sanctions, arguing that the Indiana litigation was duplicative of the New York litigation. Mr. New doesn't hide the reason why he commenced the Indiana litigation. In response to the motion for sanctions, he says the suit was initiated in Indiana state court to preserve his individual claims in the face of an expiring statute of limitations. Indiana was chosen because Mr. New was an Indiana resident at the time of the theft, Worldwide was an Indiana company, and Mr. New wired the stolen funds from Indiana." Mr. New, through his counsel's assessment, recognized that personal jurisdiction was unquestionably present in New York—Chase's headquarters—so they filed suit there too. Even if Mr. New sought to save a statute of limitations defense, and even if Mr. New may have had a colorable claim to personal jurisdiction in Indiana, the suit here was duplicative, and "prosecuting a duplicative suit was improper and vexatious behavior."[1] *Mohammed v. State*, 2021 U.S. Dist. LEXIS 15302, 15 (N.D. Ill. Jan. 27, 2021) (sanctioning both the plaintiff and his counsel).

---

[1] Mr. New asserts personal jurisdiction here based on the effects doctrine [*see* 15 at 21 ("This Court has personal jurisdiction over Chase pursuant to the effects doctrine.")]. *Walden v. Fiore*, 571 U.S. 277, 285 (2014), abrogating the effects doctrine, held that "the plaintiff cannot be the only link between the defendant and the forum." "[T]he mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 291. Chase argues that Mr. New has no basis for personal jurisdiction because jurisdiction is based on the abrogated effects doctrine, but *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1031-32 (2021), suggests that there may be a colorable argument in favor of Mr. New. *See id.* ("[S]o what if (as *Walden* held) the place of a plaintiff's injury and residence cannot create a defendant's contact with the forum State? Those places still may be relevant in assessing the link between the defendant's forum contacts and the plaintiff's suit—including its assertions of who was injured where."). The court need not resolve whether this court had personal jurisdiction over Chase because sanctions are warranted on duplicative proceedings regardless.

Mr. New cites *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Penn. 1986). *Sendi* declined to award sanctions because the plaintiff filed a second suit with previously unasserted claims to prevent the statute of limitations from running on those new claims. Mr. New brought nearly identical claims in two fora solely to save a statute of limitations defense, which is improper. *See Serlin*, 3 F.3d at 224. That is particularly true when the multiple suits were used to try to leverage concessions from Chase as it set about to defend the suits.

Mr. New and his counsel argue that sanctions should not be imposed because Chase's motion to dismiss in this litigation was not based on the duplicative New York litigation but rather on the duplicative California litigation. Of course, that ignores the footnote in Chase's brief supporting its motion to dismiss, noting that Chase would seek sanctions for the nearly identical actions in New York and Indiana [*see* 10 at 2 n.2]. Chase focused on the California litigation in its motion to dismiss, but that didn't give Mr. New a right to press duplicative claims here, much less obviate its right to seek sanctions for the duplicative suit here.

Mr. New and his counsel also argue that sanctions are improper because Chase did not threaten sanctions until after it moved to dismiss this action. But the rule against duplicative actions is one that should be known without need for reminder. Mr. New didn't budge even when Chase threatened sanctions. He persisted until the California court's ruling. Mr. New argues that costs could have been saved had Chase agreed to stay the Indiana and New York litigation pending the outcome of the California motion to substitute, but Chase had no obligation to accept that proposal, and had no obligation to negotiate in the face of patently abusive litigation.

"Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts. The rules, whether statutory or judge-made, designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt."

*Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aero. Workers*, 802 F.2d 247, 255 (7th Cir. 1986). A duplicative action for the purpose of saving a statute of limitations defense is groundless. *See Serlin*, 3 F.3d at 224. A reasonably careful attorney would have found the Indiana litigation unsound after an appropriate inquiry, so it constitutes bad faith. *See Bell*, 908 F.3d at 1081-82. Sanctions are thus warranted against counsel under 28 U.S.C. § 1927 as well.

Chase asserts that Mr. New and his counsel acted hand-in-hand. The response offers no differentiation between the two either. This action, a clear abuse of the judicial process to achieve concessions elsewhere, compels the court to use its inherent authority to sanction Mr. New and § 1927 to sanction his counsel. *See Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir. 1985) ("the filing of a frivolous lawsuit may demonstrate bad faith where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass the defendants rather than to obtain a favorable judgment"). Mr. New and his counsel will be jointly and severally liable for the reasonable attorney fees and costs incurred by Chase in this action.

Accordingly, the court GRANTS the motion for sanctions [22] and ORDERS Chase to file briefing and other documentation in support of its request for reasonable attorney fees and costs by April 30, 2024, with Mr. New to file any response by May 14, 2024. The scope of this briefing is limited to the reasonable amount of costs and fees.

SO ORDERED.

April 16, 2024               *s/ Damon R. Leichty*
                             Judge, United States District Court